FILED
U.S. DISTRICT COURT
2008 AUG 12 PM 4:00
CLERK R Ark
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DARRYL PERNELL BUTLER,

    Plaintiff,

vs.

Sgt. SANDRA McDONALD; JAMES
E. DONALD, Commissioner, Georgia
Department of Corrections; Warden
JACKSON; CONNIE JOHNSON,
Guard, and JENNIFER DUKES, Guard,

    Defendants.

CIVIL ACTION NO.: CV508-037

## MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at D. Ray James Prison in Folkston, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. Plaintiff was granted leave of the Court by Order dated May 14, 2008, to proceed in forma pauperis in this action.

A prisoner[1] proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

---

[1] Plaintiff is a prisoner in a privately-operated facility. A prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law[.]" 28 U.S.C. § 1915(h). Thus, the provisions of the PLRA, including the three

AO 72A
(Rev. 8/82)

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Butler v. Kelso, 1:95CV190 (M.D. Ga. Oct. 20, 1995) (dismissed as frivolous); (2) Bulter v. Brown, 1:96CV87 (M.D. Ga. May 23, 1996) (dismissed as frivolous); and (3) Butler v. Casterline, 1:03CV112 (M.D. Ga. Sept. 26, 2003) (dismissed as frivolous).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In

---

strikes provision, are applicable to Plaintiff. See Burghart v. Corrections Corp. of America, 2008 WL 619308 at *1 (W.D. Okla. March 4, 2008) (finding that 28 U.S.C. § 1915(g) clearly applied to plaintiff because the privately owned prison in which plaintiff was housed was a "facility" within the meaning of section 1915(h)).

order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." Id.

In his Complaint, Plaintiff asserts the Georgia Department of Corrections has a policy in place which allows female guards to work in all areas of the dormitory in which he is housed. Plaintiff contends the female guards have ridiculed him about his private parts, falsely accused him of playing with himself, and tried to seduce or arouse him. Plaintiff asserts the female guards do not announce their presence when entering the shower or restroom, which is humiliating and degrading. Plaintiff contends Defendant Donald, the Commissioner of the Georgia Department of Corrections, has in place a policy which does not allow inmates an opportunity to file grievances about housing assignments. Plaintiff contends he filed grievances against Defendants McDonald, Dukes, and Johnson, and these Defendants retaliated against him by filing false disciplinary reports. Plaintiff also contends Defendant Jackson, the Warden, allows prisoners to be placed in administrative segregation without providing the inmates with written notice or a hearing.

At the time he filed his Complaint, Plaintiff had brought at least three cases that constitute strikes under § 1915(g). Plaintiff has not shown how he was in imminent danger of serious physical injury at the time he filed his Complaint, which was filed in this Court on May 12, 2008. Thus, Plaintiff should not be considered to meet the

exception to the three strikes rule. Accordingly, the Court **VACATES** its May 14, 2008, Order. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full $350.00 filing fee.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 12th day of August, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE